UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAFI MOUSTAFA BZEIH, | } | |
| Petitioner, | } } } | |
| v. | } } | Case No.: 2:16-cv-01491-RDP-JHE |
| JEFFERSON B. SESSIONS, III, et al., | } } } | |
| Respondents. | } } | |

| | | |
|---|---|---|
| SAFI MOUSTAFA BZEIH, | } | |
| Petitioner, | } } } | |
| v. | } } | Case No.: 2:17-cv-01398-RDP |
| JEFFERSON B. SESSIONS, III, et al., | } } } | |
| Respondents. | } } | |

## MEMORANDUM OPINION

These cases are before the court on Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1, Case No. 2:16-cv-01491-RDP-JHE; Doc. # 1, Case No. 2:17-cv-01398-RDP) and Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. # 20, Case No. 2:17-cv-01398-RDP). After this case was transferred to the undersigned, the court issued a Show Cause Order directing Petitioner to explain "why his petition should not be denied due to his failures to cooperate with ICE's removal efforts." (Doc. # 18 at 2, Case No. 2:16-cv-01491-RDP-JHE). Petitioner has submitted responses to the Show Cause Order and supplemental evidence. (*See* Docs. # 19, 20, Case No. 2:16-cv-01491-RDP-JHE). The court granted Respondents an opportunity to file supplemental arguments and evidence (Doc. # 18 at 2, Case No. 2:16-cv-

01491-RDP-JHE), but they submitted no supplement. After careful review, and for the reasons explained below, the court concludes that the Petitions for Writ of Habeas Corpus (Doc. # 1, Case No. 2:16-cv-01491-RDP-JHE; Docs. # 1, 20, Case No. 2:17-cv-01398-RDP) are due to be dismissed in part for lack of jurisdiction and denied in part.

I.  **Procedural History and Factual Background**

On July 20, 2015, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 2241(e).[1] (Doc. # 1, Case Number 2:17-cv-01398-RDP). At the time he filed his petition in the Western District of Louisiana, however, Petitioner was incarcerated in the Etowah County Jail in Gadsden, Alabama. (*Id.* at 2). Therefore, in September 2016, a Magistrate Judge in the Western District of Louisiana transferred this matter to this court under 28 U.S.C. § 1406. (Doc. # 3, Case No. 2:17-cv-01398-RDP). However, in March 2017, the Department of Justice informed the court that Petitioner was being detained in Jena, Louisiana. (Doc. # 12 at 1, Case Number 2:17-cv-01398-RDP). Accordingly, in May 2017, the court transferred this action back to the Western District of Louisiana. (Doc. # 14, Case Number 2:17-cv-01398-RDP).

A Magistrate Judge in the Western District of Louisiana ordered Petitioner to file an amended habeas petition.[2] (Doc. # 18, Case Number 2:17-cv-01398-RDP). Petitioner complied and submitted an amended habeas corpus petition. (Doc. # 20, Case Number 2:17-cv-01398-RDP). In his amended June 2017 petition, Petitioner averred that he was detained in Jena, Louisiana. (*Id.* at 1, 10). Nevertheless, the Magistrate Judge transferred this action back to this

---

[1] At the time of filing, Petitioner had a § 2241 action pending in this court. (*See* Doc. # 1, Case No. 4:15-cv-00275-KOB-JHE) (filed February 17, 2015). This court dismissed Petitioner's claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because Petitioner had not been detained for more than six months under 8 U.S.C. § 1231 before filing the February 2015 habeas petition.

[2] Following this court's May 2017 transfer of this action to the Western District of Louisiana, a different Magistrate Judge was assigned to the action.

2

court after concluding that the Western District of Louisiana lacked jurisdiction. (Doc. # 22 at 1, Case Number 2:17-cv-01398-RDP). Following the transfer, the court rescinded its May 2017 order transferring the action to the Western District of Louisiana, reopened Case Number 2:16-cv-01491-RDP-JHE, and consolidated these habeas actions. (Doc. # 17, Case Number 2:16-cv-01491-RDP-JHE).

In his habeas petitions, Petitioner asserts that Respondents have violated his procedural and substantive due process rights by continuing to detain him without a bond. (Doc. # 1 at 3-4, Case No. 2:16-cv-01491-RDP-JHE). He has claimed that his continued detention violates the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See id.* at 2). Moreover, he has claimed that he should be granted habeas relief because he has six children in the United States that rely on his financial support, his wife has petitioned for him to receive residency status, he has applied for a U-visa premised on him being a victim of a crime, and he cannot safely return to his country of origin -- Lebanon -- due to his religion. (Doc. # 20 at 6-9, Case No. 2:17-cv-01398-RDP).

Richard Brooks, an assistant field office director for Immigration and Customs Enforcement ("ICE"), has averred that the immigration courts issued a final order of removal against Petitioner in 2012. (Doc. # 9-1 at 1-2, Case No. 2:17-cv-01398-RDP). In August 2012, ICE submitted a travel document request to the Lebanese embassy. (*Id.* at 3). In October 2012, a post-removal-order custody review was held, and ICE decided to continue Petitioner's detention. (*Id.*). In December 2012, ICE received a travel document for Petitioner, but Petitioner refused to board a flight to Lebanon in January 2013. (*Id.*). In August 2013, ICE obtained another travel document for Petitioner from Lebanon. (*Id.*). In September 2013, Petitioner applied for a stay of removal, and he received a six-month stay of removal in light of

3

his pending U-visa application. (*Id.*). In March 2014 and June 2014, Petitioner applied for and received additional three-month stays of removal. (*Id.* at 4). When Petitioner's U-visa application was denied, he filed a petition for review with the Ninth Circuit, which granted him a temporary stay of removal. (*Id.*). The Ninth Circuit transferred the petition for review to the Eleventh Circuit, and, in February 2015, the Eleventh Circuit dismissed that petition for review. (*Id.*).

According to Brooks, in March 2015, Petitioner refused to re-apply for a travel document. (*Id.*). And, in April 2015, Petitioner filed a motion for a bond hearing with the Board of Immigration Appeals, which was dismissed. (*Id.* at 4-5). In August 2015, Petitioner filed a petition for review from that denial of bond with the Eleventh Circuit; the Eleventh Circuit dismissed the petition for review in September 2015. (*Id.* at 5). In November 2015, Petitioner again applied for a U-visa. (*Id.*). In December 2015, Petitioner applied for and received a six-month stay of removal. (*Id.*). An ICE officer informed Petitioner in December 2015 that he would remain in ICE custody until he made "reasonable efforts to comply with the order of removal." (*Id.* at 5, 13). The ICE officer warned Petitioner that he could be criminally prosecuted for willful failure or refusal to apply for travel documents. (*Id.* at 13). Along with the notice, ICE provided Petitioner a list of actions that he needed to complete within thirty days. (*Id.* at 12). In January 2016, an ICE officer presented Petitioner with another notice of his failure to apply for a travel document as required. (*Id.* at 5, 11).

In April 2016, an ICE officer provided Petitioner a list of actions he needed to take within thirty days in order to apply for a travel document. (*Id.* at 10). Thereafter, Petitioner filed a petition for review with the Second Circuit, which the Second Circuit dismissed. (*Id.* at 6). Brooks has averred that the Lebanese consulate sent forms to ICE that Petitioner must sign and

4

fingerprint in order to receive a travel document. (*Id.*). But, in February 2017, Petitioner refused to complete the application. (*Id.*). That same month, an ICE official sent Petitioner another notice of his failure to comply and explained that Petitioner would remain in custody due to his non-compliance. (*Id.* at 8).

**II.     Analysis**

For the reasons explained below, the court concludes that Petitioner's habeas action is due to be dismissed in part for lack of jurisdiction and denied in part.

    **A.     The Court Lacks Jurisdiction to Consider Petitioner's Challenges to His Final Order of Removal**

In his amended habeas petition, Petitioner presents several reasons why he should not be deported, including a need to financially support his children and his fear of returning to Lebanon due to his religion. (Doc. # 20 at 6-9, Case No. 2:17-cv-01398-RDP). However, it is clear that these claims seek to challenge the final order of removal that has been entered against Petitioner. And, this court lacks jurisdiction to review the final order of removal because orders of removal are reviewed by the circuit courts of appeals. *See* 8 U.S.C. § 1252(a)(5). Therefore, Petitioner's challenges to the final order of removal in these consolidated actions are due to be dismissed without prejudice for lack of jurisdiction.[3]

    **B.     Petitioner is Not Entitled to Relief Under *Zadvydas***

In addition to contesting his order of removal, Petitioner argues that he should be released from detention because his continued detention violates the Supreme Court's *Zadvydas* decision. In *Zadvydas*, the Supreme Court addressed whether 8 U.S.C. § 1231(a)(6) "authorizes the

---

[3] Although district courts sometimes transfer immigration actions challenging an order of removal to the appropriate circuit court of appeals, *see Mokarram v. United States Attorney General*, 316 F. App'x 949, 952 (11th Cir. 2009), the court finds that transferring Petitioner's challenges to the order of removal is not in the interest of justice because a petition for review of Petitioner's 2012 removal order would be time-barred. 8 U.S.C. § 1252(b)(1) (requiring an alien to file a petition for review of a removal order within thirty days).

Attorney General to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." 533 U.S. at 682 (emphases in original). In order to avoid serious constitutional concerns about indefinite detention of aliens awaiting repatriation, the Supreme Court interpreted § 1231(a)(6) "to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* "The constitutionally acceptable rationale for detention awaiting removal is that it assures that the alien will be present and not flee prior to his removal from the United States. When there is no significant likelihood in the reasonably foreseeable future that such removal will actually occur, the detention serves no constitutional or legal purpose." *Francis v. Holder*, 2015 WL 4911731, at *5 (N.D. Ala. July 15, 2015), *adopted in relevant part*, 2015 WL 4911535 (N.D. Ala. Aug. 17, 2015). The Supreme Court has established a presumptively reasonable period of detention for six months following the entry of a final order of removal. *Zadvydas*, 533 U.S. at 701. Thereafter, if a detainee can show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut that showing with evidence that the detainee likely will be repatriated in the "reasonably foreseeable future." *Id.*

Under Eleventh Circuit precedent, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). "Circuit precedent, therefore, requires some *prima facie* showing by the petitioner that he is not likely to be removed within the reasonably foreseeable future. Without that additional showing

(more than simply being detained for six months), a petitioner is not entitled to § 2241 relief." *Francis*, 2015 WL 4911731, at *5.

A detainee's statutory period of detention can be extended if the detainee acts to prevent his removal or fails to cooperate in good faith with the procurement of travel documents. *See* 8 U.S.C. § 1231(a)(1)(C); *Akinwale*, 287 F.3d at 1052 n. 4. "Accordingly, the statute expressly permits an alien to be detained longer than the presumptive removal period, where the alien acts or conspires to prevent his removal. Therefore, in considering whether there appears to be no significant likelihood of Petitioner's removal in the reasonably foreseeable future, the Court must consider whether Petitioner's removal has been delayed or extended by Petitioner's own efforts." *Rodriguez v. Gonzales*, 2007 WL 1655604, at *5 (N.D. Fla. June 4, 2007). When a detainee obstructs his removal by causing a disturbance that prevents ICE from repatriating him, that detainee is not entitled to relief under *Zadvydas* if his "non-cooperation is the only barrier to his removal." *Oladokun v. U.S. Att'y Gen.*, 479 F. App'x 895, 896-97 (11th Cir. 2012).

Here, the court finds that Petitioner is not entitled to relief under *Zadvydas* because he has not presented a good reason to believe that his removal is significantly unlikely in the reasonably foreseeable future. The government has averred -- and the issuance of travel documents by Lebanon demonstrates -- that Petitioner's removal will be possible if Petitioner cooperates with ICE's efforts to obtain a Lebanese travel document. As in *Oladokun*, Petitioner remains in custody in this country for one reason – he has repeatedly refused to assist in obtaining the necessary travel documents and has caused a disturbance on an outbound flight to prevent repatriation. *See* 479 F. App'x at 897. Indeed, in his most recent brief to the court, Petitioner concedes that he has not cooperated with ICE and has refused to board an airplane twice. (Doc.

# 20 at 1, Case No. 2:16-cv-01491-RDP-JHE). Therefore, Petitioner is not entitled to habeas relief under *Zadvydas*.

Petitioner also raises freestanding due process challenges to his continued detention. These claims fail to present a constitutional defect because Petitioner's obstructive conduct has extended the statutory removal period beyond ninety days, and there is a significant likelihood that Petitioner will be removed once his obstruction of removal ceases. *See Linares v. Dep't of Homeland Sec.*, 598 F. App'x 885, 887 (11th Cir. 2015) (affirming the denial of similar procedural and substantive due process claims "grounded in the government's alleged violation under *Zadvydas*" where the petitioner obstructed removal by refusing to board a plane and refusing to complete an application for travel documents).

## III. Conclusion

For the reasons explained above, Petitioner's claims that challenge his final order of removal are due to be dismissed without prejudice for lack of jurisdiction. Petitioner's *Zadvydas* claim for habeas relief is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this January 29, 2018.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE